THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



October 14, 1970

Mr. George W. McNiel                    Opinion No. M-706
State Auditor
Sam Houston State Office Bldg.          Re: Legality of Legislative
Austin, Texas                                Audit Committee authoriza-
                                             tion for agency heads to
                                             reclassify downward at
                                             time of conversion to
                                             new salary schedule pro-
                                             vided in General Appro-
                                             priation Acts without a
Dear Sir:                                    change in rate of pay.

        Your letter of September 11, 1970, asked for answers
to the following questions:

        "(1) The legality of the authorization by the
    Legislative Audit Committee for the heads of agencies
    and departments to make reclassifications downward
    at the time of conversion to new salary schedules
    established in General Appropriation Acts without
    a change in the employee's rate of pay; and

        "(2) The legality of the authorization by the
    Legislative Audit Committee for the Classification
    Officer to direct, in conformity with Audit Committee
    policy, that individual reclassifications to a lower
    salary group may be made without a change in the em-
    ployee's rate of pay."

        Your letter further states that there exists a con-
flict of opinion of whether a reclassification downward should
be treated as a demotion in accordance with Article V, House Bill
2, 2nd Called Session, 61st Legislature, governing "demotions"
or whether a reclassification downward is accomplished by the

-3414-

4th paragraph of the act.  Paragraph 4 of the act reads as follows:

> "An employee whose classification position is reallocated by this Act to a lower salary group shall receive the annual rate which he would have received had the position not been reallocated, not to exceed the step 7 rate of the lower salary group."

Section 1(3) reads as follows:

> "DEMOTIONS.  Demotion means a <u>change in duty assignment</u> of an employee from a position in one classification to a position in another classification in a lower salary group.  An employee who is demoted shall have his salary reduced at least to a rate one increment below the rate he received before demotion."  (Emphasis added.)

Article 6252-11, the Position Classification Act of 1961, reads, in part, as follows:

> "Sec. 4.  Commencing with the effective date of this Act, all regular full-time salaried employments with the exceptions and deferments specified hereinabove shall be made only in conformity with the classes of work described in such Position Classification Plan, and under the titles authorized by such Plan.  The State Auditor shall examine or cause to be examined in periodic post-audits of expenditures of State departments and agencies, and by such methods as he deems appropriate and adequate, whether employments have been made in accordance with the provisions of this Act, and shall report the facts as found to the Governor, the Comptroller, and the Legislative Audit Committee."

Section 6 of the Act reads, in part, as follows:

"When exceptions to or violations of the
Position Classification Plan or of prescribed
salary ranges are revealed by personnel audits, the
Classification Officer shall notify the agency head
in writing and specify the points of nonconformity or
violation.  The executive head of such agency shall
then have reasonable opportunity to resolve the ex-
ception or end the violation by reassigning the em-
ployee to another position title or class consistent
with the work actually performed, by changing the
employee's _title_ or salary rate to conform to the
prescribed Classification Plan and _salary range_, or
by obtaining a new class description of work and
_salary range_ to correct the exception or violation."
(Emphasis added.)

We answer both of your questions by saying that the
reclassification downward, whether at the time of conversion
to the new salary schedule or by individual reclassification
during a fiscal year where there is no change in the employee's
duty assignment, may be made without a change in the employee's
rate of pay, not to exceed step 7 rate of the lower salary group.

The Act specifically sets reclassifications apart from
demotions in Section le(1) which reads in part as follows:

". . . Reclassification shall _not_ be inter-
preted to mean a change in the _employee's duty
assignment_, but only shall mean the proper defini-
tion of duties and classifications of the position
based upon duties actually performed by the employee;
hence, _a position shall be reclassified for the
sole purpose of complying with the requirements of
the Classification Act_."  (Emphasis added.)

The act further provides for a reduction in salary in
the event a classification audit determines that a position is
classified higher than is warranted by actual duty assignments,
(Section le(2) of the Act) according to the "... policies and
procedures as the Legislative Audit Committee may prescribe."

Under the provisions of Article V, House Bill 2, Acts of the Second Called Session, 61st Legislature, job reclassifications downward without change in duty assignments, may be made either at the time of conversion to new salary schedules or by individual reclassifications during a fiscal year without a reduction in the employee's rate of pay, not to exceed step 7 of the lower salary group.

## S U M M A R Y

State employees under the classification system may be reclassified downward, without change in duty assignment, without a mandatory reduction in rate of pay, not to exceed step 7 rate of the lower salary group.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

J. C. Davis
John Reeves
Roger Tyler
Houghton Brownlee

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant